UNITED STATES v. RICE et al.

(Circuit Court, S. D. New York. March 9, 1912.)

CRIMINAL LAW (§ 751*)—MISTRIAL—MISCONDUCT OF ACCUSED.

Where there was no evidence that jurors repeatedly warned against reading anything in the newspapers concerning the case had read accounts of proceedings resulting in the placing in the custody of the marshal during the trial one of the defendants for his misconduct in attempting to corrupt the jury, but without actually influencing any juror, the court would not withdraw a juror, and declare a mistrial.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 751.*]

George Graham Rice, alias Simon Jacob Herzog, and others, were indicted for crime. Motions to withdraw a juror and declare a mistrial denied.

Henry A. Wise, U. S. Atty., Abel I. Smith, G. H. Dorr, and W. H. Pitkin, Asst. U. S. Attys.

Louis J. Vorhaus, E. J. Myer, Ernest Baldwin, and Robert H. Elder, for defendants.

RAY, District Judge. In and during the earlier stages of this trial now in progress the defendants were enlarged on bail on a prior indictment, and only the defendant Rice is now in actual custody. Being at large under bail on a prior indictment, the government saw no reason when the trial commenced for increased bail, or for actually restraining the defendants or any of them. A fair and an impartial jury was secured, satisfactory to both parties, and the trial commenced. As it progressed it become known to the court and to the United States attorneys, with reasonable certainty, that the defendant Rice, at least, was scheming and making attempts to reach the jury and improperly influence, if not to actually corrupt one or more of their number. This resulted in the apprehension and indictment of the person (not a defendant) who made the actual attempt on the jury. This fact became known, and a mistrial was moved. Investigation

demonstrated that the juror approached had not been corrupted or influenced, and there was no evidence (except inferential) that either defendant had to do with the attempt. That motion was denied and the trial proceeded. A recess was taken for the holidays, and during that recess information reached the United States attorney which made it his duty to have an investigation made as to other plans which were alleged to have been made to reach the jury and improperly influence one or more of them, and to otherwise interfere improperly with the trial. A proceeding was instituted before Judge Hough and witnesses sworn and examined. This examination demonstrated (assuming the witnesses spoke the truth) that the defendant Rice and probably the other defendants, except Waterman, or their representatives, had set on foot and were engaged in an attempt to improperly influence one or more of the jurors and improperly interfere with the trial. This fact was brought to the attention of the judge presiding on this trial, who caused investigation to be made as to whether or not a juror had been actually reached or influenced. The judge became satisfied that no juror had been actually reached or influenced, and that the jury remains wholly uncorrupted.

Because of these happenings, it became evident to the United States attorney that there existed a purpose on the part of some one to either actually corrupt one or more jurors, or secure a mistrial in some way, or to do both. He therefore by order by the court had a bench warrant issued under and by virtue of the indictment on which these defendants are now being tried for the arrest of the defendant Rice, and he was apprehended thereon, and brought before the court (the jury being absent), and ordered into the custody of the marshal during the trial. The defendant Rice asked to have bail during the trial fixed, and the defendant enlarged on bail. This motion was denied after a full hearing on the ground the court was satisfied that the presence of the defendant Rice at all times during the trial and after the trial, if necessary, and the prevention or thwarting of attempts to influence the jury improperly, could only be secured by keeping Rice in actual custody during the trial. The court held that, under such circumstances, it was discretionary with the court whether or not to enlarge Rice on bail during the trial, and that the power was inherent in the court and its exercise necessary; that either the defendant Rice or the jurors themselves must be locked up during the trial. This action to a greater or a lesser extent became known, and the facts, with more or less accuracy, were published in the daily papers or some of them. There is no evidence that any juror has read these accounts. The jurors have been repeatedly warned not to read anything concerning the trial contained in the newspapers. The jurors have also been repeatedly warned not to discuss the case amongst themselves, or anything connected therewith, or to allow any one to talk about it in their presence or hearing. Jurors are presumed to heed and obey the instructions of the court. They are presumed to remain uncorrupted and unbiased, and in this case all precautions to this end short of locking up the jury have been taken. In the main, the defendant Rice is responsible for the situation, and he cannot com-

plain. The other defendants acted with him in the alleged wrongdoing resulting in this trial, and all are jointly indicted, and are or have been represented by the same counsel. The defendants deny that they have or that any one of them has attempted to influence a juror or jurors. There is no pretense that any one not connected with and acting with the knowledge, consent, and approval of Rice has attempted to interfere with the jury. Criminal prosecutions will become impossible if it is held that a mistrial may be secured by the improper conduct of defendants on trial, or of any one of them, by improper approaches or offers to the jury. It appears to the court that no injustice can or will result to either defendant by proceeding with the trial before the present jury.

The motions are denied.